JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
CL1 Philadelphia, LLC d/b/a/ Sheraton Philadelphia Downtown

**(b)** County of Residence of First Listed Plaintiff: Miami-Dade, Florida
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Shane P. Simon - Saul Ewing Arnstein & Lehr LLP
1500 Market Street, 38th Flr., Phila., PA 19102
(215) 972-7160 / shane.simon@saul.com

## DEFENDANTS
National Apostolate of Maronites

County of Residence of First Listed Defendant: Mahoning, Ohio
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [x] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [x] 2 | [x] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| | | **PERSONAL PROPERTY** | **LABOR** | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | | [ ] 485 Telephone Consumer Protection Act |
| [x] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | | [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | [ ] 362 Personal Injury - Medical Malpractice | | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | |
| | | | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education | [ ] 540 Mandamus & Other [ ] 550 Civil Rights [ ] 555 Prison Condition [ ] 560 Civil Detainee - Conditions of Confinement | [ ] 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1332(a)(3)

Brief description of cause:
Breach of hospitality contract.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: April 29, 2022

SIGNATURE OF ATTORNEY OF RECORD: *Shane P. Simon*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __201 North 17th Street, Philadelphia, PA 19103__

Address of Defendant: __2110 Redwood Place, Canfield, OH 44406__

Place of Accident, Incident or Transaction: __Philadelphia, Pennsylvania__

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes [ ]   No [X]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes [ ]   No [X]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?    Yes [ ]   No [X]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes [ ]   No [X]

I certify that, to my knowledge, the within case [ ] is / [●] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __04/29/2022__     *Shane P. Simon*     __319643__
                                        *Attorney-at-Law / Pro Se Plaintiff*     *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

A. *Federal Question Cases:*
1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Patent
6. [ ] Labor-Management Relations
7. [ ] Civil Rights
8. [ ] Habeas Corpus
9. [ ] Securities Act(s) Cases
10. [ ] Social Security Review Cases
11. [ ] All other Federal Question Cases
*(Please specify): _____*

B. *Diversity Jurisdiction Cases:*
1. [✓] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury *(Please specify):* _____
7. [ ] Products Liability
8. [ ] Products Liability – Asbestos
9. [ ] All other Diversity Cases
*(Please specify): _____*

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Shane P. Simon__, counsel of record *or* pro se plaintiff, do hereby certify:

[✓] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: __04/29/2022__     *Shane P. Simon*     __319643__
                                        *Attorney-at-Law / Pro Se Plaintiff*     *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

Shane P. Simon, Esq. (319643)
**SAUL EWING ARNSTEIN & LEHR LLP**
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102
(215) 972-7160
shane.simon@saul.com
*Attorneys for Plaintiff CL1 Philadelphia, LLC d/b/a Sheraton Philadelphia Downtown*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CL1 Philadelphia, LLC d/b/a Sheraton Philadelphia Downtown, <br><br> Plaintiff <br><br> v. <br><br> National Apostolate of Maronites, <br><br> Defendant. | Civ. No. 2:22-cv-01659 <br><br> Electronically Filed |

This action is brought by Plaintiff CL1 Philadelphia, LLC d/b/a Sheraton Philadelphia Downtown (the "Hotel"), by and through its undersigned counsel, against Defendant, National Apostolate of Maronites ("NAM"), arising out of NAM's breach of a contract with the Hotel concerning NAM's 2021 National Convention, which was supposed to have occurred on the Hotel's premises at 201 North 17th Street in Philadelphia, Pennsylvania from July 11, 2021 through July 18, 2021.

**I.     THE PARTIES**

1.     The Hotel is a limited liability corporation organized under the laws of Delaware with its principal place of business in Philadelphia, Pennsylvania.[1]

---

[1] CL1 Philadelphia, LLC purchased the hotel and from W-Franklin L.P. pursuant to an Agreement of Purchase and Sale ("Purchase Agreement"), dated December 7, 2018. Under the Purchase Agreement, the Hotel also assumed all existing contracts for conventions or events at the hotel, including the contract at issue in this action.

2.	NAM is a non-profit corporation incorporated in Ohio with its principal place of business in Canfield, Ohio.

## II.	JURISDICTION AND VENUE

3.	Diversity jurisdiction exists pursuant to 28 U.S.C. § 1332(a)(3).

4.	The Hotel is a limited liability corporation.

5.	The sole member of CL1 Philadelphia, LLC is CL Philadelphia, LLC.

6.	The members of CL Philadelphia, LLC include other LLCs, limited partnerships, trusts, corporations, and an individual.

7.	The various members of CL Philadelphia, LLC, including the members of LLCs, trustees, partners, corporations, and the individual are citizens of the following states or countries: Florida, New York, Delaware, Brazil and the British Virgin Islands.

8.	Thus, none of the entities or individuals that make up the membership of CL Philadelphia, LLC are residents of Ohio.

9.	NAM is an Ohio non-profit corporation with its principal place of business at 2110 Redwood Place, Canfield, Ohio 44406.

10.	The amount in controversy, exclusive of interests and costs, exceeds $75,000.

11.	Complete diversity of citizenship exists.

12.	Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## III.	FACTS

### A.	*The Hotel and its Amenities*

13.	The Hotel is located at 201 North 17th Street, Philadelphia, PA 19103.

14. The Hotel is centrally located in the heart of Philadelphia, just minutes away from iconic landmarks such as the Philadelphia Art Museum, Franklin Institute, Reading Terminal Market, and Philadelphia City Hall.

15. The Hotel is also located only four blocks away from the Pennsylvania Convention Center.

16. The Hotel offers 24 event rooms, 18 breakout rooms, and approximately 60,000 square feet of total event space.

17. The Liberty Ballroom at the Hotel offers 19,695 square feet of event space.

18. The Hotel's Freedom and Independence Ballroom each provide 7,100 square feet of event space.

19. Many of the event spaces at the Hotel can be customized to provide a larger event space. For example, the Hotel's Freedom and Independence Ballrooms can be connected to offer 14,200 square feet of event space.

20. The Hotel offers 762 guest rooms, including standard rooms, deluxe rooms, and suites.

21. Amenities at the Hotel include multiple restaurants, a business center, and several others.

22. The Hotel's varied and impressive event spaces, along with its modern amenities make it a popular destination for large group conferences and events.

23. The Hotel is also the recipient of the prestigious AAA 3-Diamond Award.

B. *The National Apostolate of Maronites*

24. NAM describes itself on its website as the "official lay apostolate of the Maronite Church of the USA."

25. NAM maintains a national office in Canfield, Ohio.

26. NAM typically holds several national and regional events each year.

27. These events typically include a national convention, which NAM describes on its website as "an annual opportunity for the Maronite Church of the USA to gather together for spiritual renewal, education, and socializing."

28. According to NAM's website, its 2022 Convention is scheduled to be held in Minneapolis, Minnesota from July 13 to July 17, 2022.

C. **_NAM Books its 2021 National Conference at the Hotel_**

29. On December 18, 2018, NAM and the Hotel signed a Group Sales Agreement (the "Agreement") concerning the National Maronite Convention for 2021 (the "2021 Convention") which, under the terms of the Agreement, was to be held at the Hotel from July 11, 2021 through July 18, 2021. A true and correct copy of the Agreement is attached hereto as **Exhibit "A."**

30. Under the Agreement, NAM was referred to as the "Group" and the Hotel was referred to as the "Hotel." *See* Agreement at p. 1.

31. The Agreement was signed on behalf of NAM by Reverend Vincent W. Farhat, Pastor, and Mike Naber, Executive Director. Agreement at p. 18.

i. **_The Agreement's Terms_**

32. Under the Agreement, NAM reserved a total of 1,300 rooms across various nights from July 11, 2021 through July 19, 2021. *See* Agreement § 2.1.

33. All of the rooms offered under the Agreement were offered at the discounted rate of $165.00 per night. *See* Agreement § 2.3.

34. The Hotel extended several "special considerations" to NAM under the Agreement, including, but not limited to:

   a. Six (6) complimentary Suites Monday, 7/12/2021 to Sunday, 7/18, 2021;

   b. Two (2) complimentary Standard rooms Monday, 7/12/2021 to Sunday 7/18/2021;

4

39831001.3

    c. Group rate offered 3 days pre/post Conference dates, based on availability;

    d. Complimentary Meeting space based on a Food & Beverage minimum of $95,000;

    e. 20% Discount off the prevailing 2020 Catering Menus;

    f. Hotel Bartender fees will be waived with a minimum spend of $750 per Bar, and the Cashier fee will be reduced to $100 each (Hotel/Group will review the Bar history from the 2020 Conference in order to collectively agree upon the required numbers of Bars/Bartenders/Cashiers);

    g. 15% Discount on prevailing Audio Visual pricing;

    h. Hotel agrees to 20% discount off the prevailing 2021 Self-Parking rates; and

    i. Hotel is to provide a 3% Discount off the final Master Bill at a maximum of $5,000;

Agreement § 2.2(1)-(21).

35. The Agreement further contained a negotiated schedule of events, on an hourly basis, using several of the Hotel's meeting rooms and event spaces from Sunday, July 11, 2021 to Tuesday, July 19, 2021. Agreement § 3.1, pp. 5-13.

36. Specifically, the Hotel's largest and most exclusive event spaces were to be utilized by NAM during the 2021 Convention, and thus were not available for use by any other event or group during the weeklong conference.

37. The weeklong booking of substantially all of the Hotel's event spaces precluded the Hotel from booking another comparable conference or event for the same dates.

38. NAM and the Hotel also contracted that NAM would spend a minimum of $95,000 on food and beverage during the 2021 Convention, exclusive of room rental, meeting space rental, administrative charges, tax and labor charges, audio-visual, parking or any other miscellaneous charges. Agreement § 3.4.

        **ii.**      <u>***The Liquidated Damages Provision***</u>

39.      The Agreement also contained a liquidated damages provision, entitled "Group's Cancellation." *See* Agreement, § 5.2.

40.      The liquidated damages provision provides:

> Group and Hotel have entered into a binding commitment. The Hotel is committed to providing the rooms and services specified in this Agreement and the Hotel has offered special rates and other concessions based upon anticipated revenues for your event. The anticipated revenue includes the revenue from the total number of sleeping rooms you have requested as well as the revenue received from the food and beverage services you may have requested and any ancillary services, such as in-room movies, telephone tolls, room service and other charges.

Agreement, § 5.2.

41.      The liquidated damages provision further provided, in relevant part:

> If Group decides to cancel this Agreement, reduce the size of your meeting and/or attendance, or reduce the amount of food and beverage services, you agree that the Hotel will suffer damages. Such damages will be a result of the Hotel's inability to offer your unused space or services to another group and/or the cost to the hotel of trying to re-sell these space/services. The exact amount of damages will be difficult to determine. Therefore, you agree that the following liquidated damages clauses are a reasonable effort by the parties to agree in advance on the amount of damages. It is agreed that these amounts will be due regardless of the Hotel's ultimate ability to re-sell some or all of the space or services. It is further agreed that these amounts will be due within 30 days of notice of cancellation. Group agrees to pay Hotel as the time of cancellation a liquidated damages fee, as follows:

| | |
|---|---|
| Signature date – 180 days prior to arrival: | $77,375.00 (25% of total anticipated revenue) |
| More than 90 days prior to arrival date: | $154,750.00 (50% of total anticipated revenue) |
| More than 30 days, less than 90 days prior to arrival date: | $232,125.00 (75% of total anticipated revenue) |
| Less than 30 days prior to arrival date: | $309,500.00 (100% of total anticipated revenue) |

Agreement, § 5.2

### iii. *The Force Majeure Provision*

42. Section 7.4 of the Agreement was entitled "Force Majeure." *See* Agreement § 7.4

43. Section 7.4 provides:

> The performance of this Agreement is subject to any circumstances making it illegal or impossible to provide or use Hotel facilities, including Acts of God, war, government regulations, disaster, strikes, civil disorder or curtailment of transportation facilities. **This Agreement may be terminated for any one of the above reasons by written notice from Hotel**.

Agreement, § 7.4 (emphasis added).

44. By its express terms, Section 7.4 of the Agreement, the force majeure provision, did not provide a means for NAM to terminate the Agreement.

45. By its express terms, Section 7.4 of the Agreement, the force majeure provision, was invocable only "by written notice from the Hotel." Agreement, § 7.4.

### iv. *The Agreement Allows Attorney's Fees and Waives a Jury Trial*

46. Section 7.5 of the Agreement was entitled "Dispute Resolution" and provides:

> Hotel and Group agree to use its best efforts to resolve any disputes under this Agreement through informal means. In the unlikely event that formal action must be taken, this Agreement will be interpreted in accordance with the laws of the State in which the Hotel is situated and the venue for any dispute arising out of this Agreement shall be in the county or city in which the Hotel is situated. The prevailing party to any litigation shall be entitled to recover, in addition to damages, all legal costs and reasonable attorney fees as fixed by the Court, both at the trial and appellate levels, and in any bankruptcy case and post judgment proceedings.
>
> **To the extent allowed by law, the parties hereby waive the right to a jury trial in any action or proceeding regarding this Agreement**.

Agreement § 7.5 (emphasis in original).

      **D.**      <u>***NAM Purports to Cancel the Agreement under the Force Majeure Provision***</u>

      47.      On January 22, 2021, NAM, through its President, Ms. Rose Sahyoun, sent e-mail correspondence to the Hotel canceling the Agreement pursuant to Section 7.4, the force majeure provision. This correspondence is attached hereto as **Exhibit "B."**

      48.      NAM cited the COVID-19 "global pandemic" as the basis for its attempt to invoke the Agreement's force majeure provision, Section 7.4. *See* **Exhibit "B."**

      49.      NAM claimed in its January 22, 2021 correspondence that "[g]iven the continuation of the pandemic and with no end in sight, it is the learned opinion of the NAM Board of Directors that hosting the July 11-19, 2021 [SIC] has become impossible." *Id.*

      50.      On February 10, 2021, the Hotel sent correspondence to Ms. Sahyoun demanding liquidated damages under the Contract as a result of NAM's cancellation. This correspondence is attached hereto as **Exhibit "C."**

      51.      NAM refused to pay the liquidated damages as demanded by the Hotel and required pursuant to the Agreement.

      52.      NAM's cancellation of the Agreement occurred on January 22, 2021—170 days before the 2021 Conference was set to commence on July 11, 2021.

      53.      Under the Agreement's liquidated damages provision, Section 5.2, NAM is liable to the Hotel for liquidated damages in the amount of $154,750.00. Agreement § 5.2.

      **E.**      <u>***Events Following NAM's Improper Notice to the Hotel***</u>

      54.      On an unknown date, but before February 22, 2022, NAM updated the portion of its website concerning the 2021 Convention to reflect NAM's position that the 2021 Convention was "cancelled."

8

55. The NAM website states:

> As a board we have not met in person except through Zoom meetings. Since the parishes were not able to meet as they usually would have, they could not have events or meetings or gatherings. Because of the covid-19 [SIC] situation in Philadelphia, they faced the same dilemma; **the committees did not meet or prepare for the NAM Philadelphia Convention, July 2021. There is not enough time at this point to present a good convention, therefore, the convention has been cancelled.**

(emphasis added).[2]

56. On May 11, 2021, the City of Philadelphia announced that COVID-19 restrictions would be relaxed beginning on May 21, 2021.

57. On Friday, June 11, 2021, the City of Philadelphia relaxed all COVID-19 restrictions—including indoor capacity restrictions—except that it maintained its mask mandate.

58. According to the City of Philadelphia, the relaxation of COVID-19 restrictions meant that Philadelphia was "fully reopened."[3]

59. From July 11, 2021 to July 19, 2021—the dates of the 2021 Convention—there were no COVID-19 restrictions imposed by the City of Philadelphia for events such as the 2021 Convention.

60. In fact, numerous organizations and groups held conferences at the Hotel in June, July, and August 2021.

61. The 49th Annual Chess World Open was held at the Hotel from July 1 through July 5, 2021.[4]

---

[2] *See* NAM Website: Annual National Conventions. *Available at*: https://namnews.org/?convention (last accessed April 12, 2022).

[3] *See* City of Philadelphia, COVID-19 Recovery Office, *Timeline and Updates*. *Available at*: https://www.phila.gov/departments/covid-19-recovery-office/timeline-and-updates/. (last accessed April 12, 2022).

[4] U.S. Chess Federation: 49th Annual World Open. *See Available at*: https://new.uschess.org/49th-annual-world-open (last accessed April, 12, 2022).

62. A large national organization utilized its pre-booked rooms and event space at the Hotel as part of a city-wide conference from August 11, 2021 through August 21, 2021.

63. Both of these groups were able to utilize and access the rooms and meeting spaces at the Hotel during their reserved dates.

## COUNT ONE

## BREACH OF CONTRACT

64. The Hotel hereby incorporates the allegations set forth in the preceding paragraphs as if set forth in full herein.

65. NAM and the Hotel entered into the Agreement on December 31, 2018.

66. Under the Agreement, the Hotel agreed to provide NAM with hotel rooms, meeting rooms, food and beverage, and other good and valuable consideration and amenities in return for NAM paying the Hotel.

67. On January 11, 2021, NAM canceled the Agreement by invoking Section 7.4, the force majeure provision.

68. NAM's cancellation of the Agreement was improper and unjustifiable.

69. The express language of the force majeure provision allows termination only "for any one of the above reasons by **written notice *from Hotel***." Agreement § 7.4 (emphasis added).

70. NAM was therefore unable to invoke the Agreement's force majeure provision, Section 7.4, and breached the Agreement by improperly cancelling it.

71. Even *if* NAM was permitted to invoke the Agreement's force majeure provision, which it was not, it was neither "illegal" nor "impossible" for the Hotel to provide use of its facilities during the 2021 Convention to be held from July 11, 2021 to July 19, 2021.

72. Further, by NAM's own admission, it made no attempt to perform under the Agreement.

73. Specifically, NAM admits that its planning committees "did not meet or prepare for the NAM Philadelphia Convention, July 2021."[5]

74. Because NAM improperly cancelled the Agreement without justification, NAM is liable to the Hotel for liquidated damages, as provided by the Agreement's liquidated damages provision, Section 5.2.

75. NAM cancelled the Agreement on January 22, 2021, a total of 170 days prior to July 11, 2021—the start of the 2021 Convention.

76. Under Section 5.2 of the Agreement, the Hotel is entitled to payment from NAM of liquidated damages in the amount of $154,750.00, representing fifty percent (50%) of the total anticipated revenue under the Agreement. Agreement § 5.2.

77. NAM expressly agreed to the liquidated damages provision when it signed the Agreement.

78. The Hotel has demanded that NAM pay the amount contractually owed, and NAM has refused.

79. By refusing to pay the liquidated damages it owes under the Agreement, NAM has breached the Agreement and damaged the Hotel.

80. Under the Agreement's prevailing party provision, NAM is entitled to "all legal costs and reasonable attorney fees as fixed by the Court" in the event it prevails in this case. Agreement § 7.5.

---

[5] *See* NAM Website: Annual National Conventions. *Available at*: https://namnews.org/?convention (last accessed April 12, 2022).

39831001.3

WHEREFORE, CL1 Philadelphia, LLC d/b/a Sheraton Philadelphia Downtown prays that this Court enter judgment in its favor in the amount of $154,750.00; for pre- and post-judgment interest; for reasonable attorney's fees and costs associated with this action; and/or for such other and further relief as the Court deems equitable, proper, and just.

Dated: April 29, 2022

*Shane P. Simon*
_____
Shane P. Simon (319643)
**Saul Ewing Arnstein & Lehr LLP**
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102
(215) 972-7160
shane.simon@saul.com
*Attorneys for CL1 Philadelphia, LLC*

39831001.3